# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| MONICA R. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| | ) |
| | ) |
| MORGAN CORPORATION | ) |
| 35 Thousand Oaks Blvd. | ) |
| Morgantown, PA 19543-8838 | ) |
| c/o C T CORPORATION SYSTEM | ) |
| 1201 Peachtree Street, NE | ) |
| Atlanta, Georgia 30361 | ) |
| -and- | ) |
| DONNIE GAY | ) |
| c/o MORGAN CORPORATION | ) |
| 401 O'Leary Road | ) |
| Port Wentworth, Georgia 31407 | ) |
| -and- | ) |
| STAN MOORE | ) |
| c/o MORGAN CORPORATION | ) |
| 401 O'Leary Road | ) |
| Port Wentworth, Georgia 31407 | ) |
| -and- | ) |
| MICHAEL McCORMICK | ) |
| c/o MORGAN CORPORATION | ) |
| 401 O'Leary Road | ) |
| Port Wentworth, Georgia 31407 | ) |
| Defendants. | ) |

---

## INITIAL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

**COMES NOW, MONICA R. WILLIAMS,** the Plaintiff in the above-styled matter and hereby files the within Initial Complaint for Damages and Demand for Jury Trial and shows the Court as follows:

## STATEMENT OF JURISDICTION

1.   Jurisdiction is properly conferred and exercised by this court as there are issues of federal law asserted herein as such pertains to issues and questions of federal law as prescribed within 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and codified within Title VII, all provisions within The Civil Rights Act of 1964, all provisions within the Civil Rights Act of 1991.  Said legal provisions are codified within 42 U.S.C. § 1981, et. seq., 42 U.S.C. § 1983, et. seq.; 42 U.S.C. § 1985, et. seq.; 42 U.S.C. § 1988, et. seq.; and 42 U.S.C. § 2000e-2 (a)(1), et. seq.

3.   Plaintiff shows that jurisdiction by this Court is properly conferred and exercised as Plaintiff filed timely Charges of Discrimination with the Equal Employment Opportunity Commission and received a Right to Sue Letter dated MAY 13, 2020. See Right to Sue Letter attached hereto as Exhibit "A" and Initial Charge of Discrimination, attached hereto as Exhibit "B".

4.   Plaintiff further shows that supplemental jurisdiction is properly conferred and exercised by this court pursuant to the provisions contained within 28 U.S.C. § 1367 as such pertains to all claims and allegations made by Plaintiff pursuant to provisions that are contained with the laws of the State of Georgia.

2

## STATEMENT OF VENUE

5.     Plaintiff shows that venue is properly exercised by this court as the allegations and causes of action asserted by Plaintiff occurred within Chatham County, Georgia.

6.     Plaintiff shows that venue is proper in this Court pursuant to the provisions contained within 28 U.S.C. § 1391(b) and Local Rule 3.1(B)(3) in the Savannah Division of the Southern District of Georgia because (1) a substantial part of the allegations, events and/or omissions that give rise to Plaintiff's claims have occurred within this District and Division and because (2) Defendants transact business within this District and Division.

## STATEMENT OF PARTIES

7.     Plaintiff **MONICA R. WILLIAMS** (hereinafter "Plaintiff" or "Ms. Williams") is an African-American female who is over forty (40) years of age. Plaintiff **MONICA R. WILLIAMS** has resided in Bibb County, Georgia at all times relevant to this action.

8.     Defendant **MORGAN CORPORATION** (hereinafter "Defendant(s)" or "**MORGAN CORP.**") is a domestic for-profit business entity that has its principal place of business located within the State of Georgia. Defendant is engaged in the business of construction, trucking/hauling and heavy equipment services. Defendant **MORGAN CORP.'s** Chatham County/Savannah office is located at **401 O'Leary**

3

Road Port Wentworth, Georgia 31407. Defendant **MORGAN CORP.** may be served with a copy of the Summons and Initial Complaint for Damages and Demand for Jury Trial by way of serving Defendant **MORGAN CORP.**'s Registered Agent of Record to-wit: **C T CORPORATION SYSTEM, 1201 Peachtree Street, NE, Atlanta, Georgia 30361**.

9. Defendant **DONNIE GAY** (hereinafter "Defendant **DONNIE**" or "Defendant **GAY**" or "Defendant"), at all times relevant to this action, was employed as a Supervisor with Defendants. Defendant **GAY** may be served with this Summons and Initial Complaint for Damages at his last known place of employment which is located at **MORGAN CORPORATION, 401 O'Leary Road, Port Wentworth, Georgia 31407**.

10. Defendant **STAN MOORE** (hereinafter "Defendant **MOORE**" or "**Defendant**"), at all times relevant to this action, was employed as a Supervisor with Defendants. Defendant **MOORE** may be served with this Summons and Initial Complaint for Damages at his place of employment which is located at **MORGAN CORPORATION, 401 O'Leary Road, Port Wentworth, Georgia 31407**.

11. Defendant **MICHAEL McCORMICK**) (hereinafter "Defendant **McCORMICK**" or "**Defendant**"), at all times relevant to this action, was employed as a Senior Management with Defendant **MORGAN CORP.** Defendant **McCORMICK** may be served with this Summons and Initial Complaint for

4

Damages at his place of employment which is located at **MORGAN CORP. 401 O'Leary Road, Port Wentworth, Georgia 31407.**

## STATEMENT OF FACTS

12.    Plaintiff became employed with Defendants in the position of Heavy Equipment Operator on or about **AUGUST 2019.**

13.    Plaintiff performed multiple tasks for Defendants including operating heavy machinery/equipment, completing construction tasks and maintenance of equipment for Defendants.

14.    On or about **AUGUST 20, 2020,** Plaintiff sustained physical injury throughout her body due to having been crushed between a tractor trailer truck and a lowboy.

15.    Plaintiff reported her injury to Defendant **GAY** and to another supervisor **CLAYTON ("CLAY") JONES.**

16.    Plaintiff sought emergency medical treatment at Candler Hospital on two (2) occasions subsequent to being injured on the job.

17.    Plaintiff also began treating with her primary care physician as Defendants did not furnish any worker's compensation treatment to Plaintiff.

18.    Plaintiff's primary care physician Felicia Carr, M.D. ordered that Plaintiff undergo approximately ten (10) days of bedrest.

5

19.     Upon providing Dr. Carr's medical orders to her employer, Defendants denied her request for time off pursuant to Dr. Carr's orders and required that Plaintiff began treating with Defendants' panel physicians or worker's compensation providers.

20.     Plaintiff thereafter began treating at **CONCENTRA MEDICAL CENTERS** located in Savannah, Georgia.

21.     The providers at **CONCENTRA MEDICAL CETNERS** documented Plaintiff's injuries to her head, neck, shoulders, back, hip and foot areas.

22.     The providers ordered that Plaintiff was not to engage in any heavy lifting above two (2) pounds and sit and not climb in and out of vehicles.

23.     The providers at **CONCENTRA** referred Plaintiff for orthopedic evaluation and treatment.

24.     Plaintiff also began a regime of physical therapy.

25.     During her treatment Plaintiff was compelled to remain inside of a tractor trailer vehicle and not being permitted to move about to alleviate her pain.

26. Plaintiff's treatment with an orthopedic physician was also delayed a minimum of four (4) weeks.

27.     Plaintiff began treating with **CHATHAM ORTHPEDICS** in mid-**OCTOBER 2020**.

28.     Plaintiff was referred for an MRI of her Thoracic Spine.

6

29.     Plaintiff was assigned a Nurse Case Manager who attended medical appointments and made medical recommendations as to Plaintiff's treatment and injuries to Plaintiff and Defendants.

30.     Raphael Roybal, M.D. of **CHATHAM ORTHOPAEDIC ASSOCIATES** issued a Return-to-Work report in which Plaintiff was kept out of work, with no return to work date. *See Work Report,* attached hereto as Exhibit "C".

31.     Plaintiff's Nurse Case Manager also confirmed with Plaintiff and her worker's compensation attorney that Plaintiff was to remain out of work pending the completion of the MRI of her Thoracic Spine. *See Electronic Mail,* attached hereto as Exhibit "D".

32.     Defendants terminated Plaintiff's employment with Defendant, effective **NOVEMBER 19, 2020**. *See Separation Notice,* attached hereto as Exhibit "E".

33.     Defendants terminated Plaintiff's employment with Defendants while she was awaiting medical treatment which is included in Plaintiff's worker's compensation benefits that were being provided by the Defendant.

34.     Subsequent to the termination of Plaintiff's Defendant continued to deny Plaintiff treatment of the remaining parts and/or body systems of Plaintiff that were injured on **AUGUST 20, 2020**.

35.     Plaintiff shows that as of the date on which this Initial Complaint has been filed, Defendant continues to deny Plaintiff her income benefits and medical treatment of portions of her body for which treatment has yet to be provided.

36.     Prior to being injured while on the job on **AUGUST 20, 2020**, Plaintiff has filed a sexual harassment, retaliation and hostile workplace complaint which Defendants to which Defendants requested that Plaintiff place said complaint aside and "get over it".

37.     Plaintiff shows that she was the only woman working for employer at her assigned job location(s)/assignments to the extent that Defendants had to install restroom accommodations for Plaintiff.

38.     Plaintiff was a full-time employee and had completed her probationary period at the date of termination.

## COUNT ONE
## VIOLATION OF TITLE VII – SEX-BASED DISCRIMINATION AND RETALIATION DUE TO DISPARATE TREATMENT (AGAINST CORPORATE DEFENDANTS)

39. Plaintiff asserts this claim for relief pursuant to the provisions that are contained within Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a)(1) et. seq.

40. Plaintiff shows that she is an African American female and is a member of a protected class under Title VII.

41.     On or about **AUGUST 20, 2020**, Plaintiff sustained physical injury throughout her body due to having been crushed between a tractor trailer truck and a lowboy.

42.     Plaintiff reported her injury to Defendant **GAY** and to another supervisor **CLAYTON ("CLAY") JONES.**

43.     Plaintiff sought emergency medical treatment at Candler Hospital on two (2) occasions subsequent to being injured on the job.

44.     Plaintiff also began treating with her primary care physician as Defendants did not furnish any worker's compensation treatment to Plaintiff.

45.     Plaintiff's primary care physician Felicia Carr, M.D. ordered that Plaintiff undergo approximately ten (10) days of bedrest.

46.     Upon providing Dr. Carr's medical orders to her employer, Defendants denied her request for time off pursuant to Dr. Carr's orders and required that Plaintiff began treating with Defendants' panel physicians or worker's compensation providers.

47.     Plaintiff thereafter began treating at **CONCENTRA MEDICAL CENTERS** which is located in Savannah, Georgia.

48.     The providers at **CONCENTRA MEDICAL CETNERS** documented Plaintiff's injuries to her head, neck, shoulders, back, hip and foot areas.

49.     The providers ordered that Plaintiff was not to engage in any heavy lifting above two (2) pounds and sit and not climb in and out of vehicles.

50.    The providers at **CONCENTRA** referred Plaintiff for orthopedic evaluation and treatment.

51.    Plaintiff also began a regime of physical therapy.

52.    During her treatment Plaintiff was compelled to remain inside of a tractor trailer vehicle and not being permitted to move about to alleviate her pain.

53.    Plaintiff's treatment with an orthopedic physician was also delayed a minimum of four (4) weeks.

54.    Plaintiff began treating with **CHATHAM ORTHPEDICS** in mid-**OCTOBER 2020**.

55.    Plaintiff was referred for an MRI of her Thoracic Spine.

56.    Plaintiff was assigned a Nurse Case Manager who attended medical appointments and made medical recommendations as to Plaintiff's treatment and injuries to Plaintiff and Defendants.

57.    Raphael Roybal, M.D. of **CHATHAM ORTHOPAEDIC ASSOCIATES** issued a Return-to-Work report in which Plaintiff was kept out of work, with no return to work date. *See Work Report,* attached hereto as Exhibit "C".

58.    Plaintiff's Nurse Case Manager also confirmed with Plaintiff and her worker's compensation attorney that Plaintiff was to remain out of work pending the completion of the MRI of her Thoracic Spine. *See Electronic Mail,* attached hereto as Exhibit "D".

59.     Defendants terminated Plaintiff's employment with Defendant, effective **NOVEMBER 19, 2020**. *See Separation Notice,* attached hereto as Exhibit "E".

60.     Defendants terminated Plaintiff's employment with Defendants while she was awaiting medical treatment which is included in Plaintiff's worker's compensation benefits that were being provided by the Defendant.

61.     Subsequent to the termination of Plaintiff's Defendant continued to deny Plaintiff treatment of the remaining parts and/or body systems of Plaintiff that were injured.

62.     Plaintiff shows that as of the date on which this Initial Complaint has been filed, Defendant continues to deny Plaintiff her income benefits and medical treatment of portions of her body for which treatment has yet to be provided.

63.     Prior to being injured while on the job on **AUGUST 20, 2020**, Plaintiff has filed a sexual harassment, retaliation and hostile workplace complaint which Defendants to which Defendants requested that Plaintiff place said complaint aside and "get over it".

64.     Plaintiff shows that she was the only woman working for employer at her assigned job location(s)/assignments to the extent that Defendants had to install restroom accommodations for Plaintiff.

65.     Plaintiff was a full-time employee and had completed her probationary period at the date of termination.

11

66.     Plaintiff reported having been crushed between a tractor trailer truck and a lowboy to her employer.

67.     After reporting having been injured at work, Defendants repeatedly denied and/or delayed Plaintiff's medical treatment.

68.     Plaintiff shows that the delay in medical treatment has not occurred as to her male and Caucasian counterparts including "Wild Bill" (sp./nickname) and John "Menthol" (sp.),

**B. LIABILITY**

69.     Plaintiff shows that she was subjected to a delay in medical treatment, the issuance of income benefits to the extent that she has sustained permanent physical injury to include arthritis and nerve injury which has significantly impacted Plaintiff's physical mobility in comparison with her male counterparts and male employees who receive treatment for their on-the-job or worker's compensation injures to include the issuance of income benefits and job promotion.

70. Plaintiff shows that her engagement in protective action by way of complaining about her injuries and continuing to seek worker's compensation medical treatment resulted in Plaintiff being terminated from her position of employment with Defendants.

71.     Plaintiff shows that all Corporate Defendant employed all individually named Defendants and the Nurse Case Managers who supervised Plaintiff's medical treatment.

72.     Plaintiff shows that Defendants are liable to Plaintiff for the delay in her medical treatment and for all physical and financial injuries due to Defendants' failure to provide timely medical treatment, timely income benefits upon Plaintiff being removed from work by her Authorized Treating Physician (ATP) and also for terminating Plaintiff's employment while she was removed out of work by her Nurse Case Manager and Authorized Treating Physician.

73.     Plaintiff shows that Defendants are liable to Plaintiff for economic and non-economic damages due to is failure to investigate, act, correct and eliminate the sex-based disparate treatment and discriminatory environment incurred by Plaintiff during her employment with Defendants.

74.     Plaintiff seeks recovery of all equitable relief and compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and all remaining applicable federal and state laws. Plaintiff is entitled to such other relief as the Court deems equitable.

## COUNT TWO
## VIOLATION OF TITLE VII and 42 U.S.C. § 1981 – RACE-BASED DISCRIMINATION and RETALIATION DUE TO FAILURE TO PROVIDE TREATMENT, INCOME BENEFITS AND TERMINATING EMPLOYMENT
## (AGAINST CORPORATE DEFENDANTS)

75.    Plaintiff asserts this claim for relief pursuant to the provisions that are contained within Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a)(1) et. seq. and 42 U.S.C. § 1981.

76.    Plaintiff shows that she is an African American female and is a member of a protected class under Title VII.

77.    On or about AUGUST 20, 2020, Plaintiff sustained physical injury throughout her body due to having been crushed between a tractor trailer truck and a lowboy.

78.    Plaintiff reported her injury to Defendant GAY and also to another supervisor CLAY (CLAYTON) JONES.

79.    Plaintiff sought emergency medical treatment at Candler Hospital on two (2) occasions subsequent to being injured on the job.

80.    Plaintiff also began treating with her primary care physician as Defendants did not furnish any worker's compensation treatment to Plaintiff.

81.    Plaintiff's primary care physician Felicia Carr, M.D. ordered that Plaintiff undergo approximately ten (10) days of bedrest.

14

82.     Upon providing Dr. Carr's medical orders to her employer, Defendants denied her request for time off pursuant to Dr. Carr's orders and required that Plaintiff began treating with Defendants' panel physicians or worker's compensation providers.

83.     Plaintiff thereafter began treating at **CONCENTRA MEDICAL CENTERS** located in Savannah, Georgia.

84.     The providers at **CONCENTRA MEDICAL CETNERS** documented Plaintiff's injuries to her head, neck, shoulders, back, hip and foot areas.

85.     The providers ordered that Plaintiff was not to engage in any heavy lifting above two (2) pounds and sit and not climb in and out of vehicles.

86.     The providers at **CONCENTRA** referred Plaintiff for orthopedic evaluation and treatment.

87.     Plaintiff also began a regime of physical therapy.

88.     During her treatment Plaintiff was compelled to remain inside of a tractor trailer vehicle and not being permitted to move about to alleviate her pain.

89.     Plaintiff's treatment with an orthopedic physician was also delayed a minimum of four (4) weeks.

90.     Plaintiff began treating with **CHATHAM ORTHPEDICS** in mid-**OCTOBER 2020**.

91.     Plaintiff was referred for an MRI of her Thoracic Spine.

92.   Plaintiff was assigned a Nurse Case Manager who attended medical appointments and made medical recommendations as to Plaintiff's treatment and injuries to Plaintiff and Defendants.

93.   Raphael Roybal, M.D. of **CHATHAM ORTHOPAEDIC ASSOCIATES** issued a Return-to-Work report in which Plaintiff was kept out of work, with no return to work date. *See Work Report,* attached hereto as Exhibit "C".

94.   Plaintiff's Nurse Case Manager also confirmed with Plaintiff and her worker's compensation attorney that Plaintiff was to remain out of work pending the completion of the MRI of her Thoracic Spine. *See Electronic Mail,* attached hereto as Exhibit "D".

95.   Defendants terminated Plaintiff's employment with Defendant, effective **NOVEMBER 19, 2020.** *See Separation Notice,* attached hereto as Exhibit "E".

96.   Defendants terminated Plaintiff's employment with Defendants while she was awaiting medical treatment which is included in Plaintiff's worker's compensation benefits that were being provided by the Defendant.

97.   Subsequent to the termination of Plaintiff's Defendant continued to deny Plaintiff treatment of the remaining parts and/or body systems of Plaintiff that were injured.

16

98.   Plaintiff shows that as of the date on which this Initial Complaint has been filed, Defendant continues to deny Plaintiff her income benefits and medical treatment of portions of her body for which treatment has yet to be provided.

99.   Prior to being injured while on the job on **AUGUST 20, 2020**, Plaintiff filed a sexual harassment, retaliation and hostile workplace complaint which Defendants to which Defendants requested that Plaintiff place said complain aside and "get over it".

100.   Plaintiff shows that she was the only woman working for employer at her assigned job location(s)/assignments to the extent that Defendants had to install restroom accommodations for Plaintiff.

101.   Plaintiff was a full-time employee and had completed her probationary period at the date of termination.

102.   Plaintiff reported having been crushed between a tractor trailer truck and a lowboy to her employer.

103.   After reporting having been injured at work, Defendants repeatedly denied and/or delayed Plaintiff's medical treatment.

104.   Plaintiff shows that the delay in medical treatment has not occurred as to her Caucasian counterparts including John "Menthol" (sp.) and "Wild Bill" (sp./nickname).

## B. LIABILITY

105.   Plaintiff shows that she was subjected to a delay in medical treatment, the issuance of income benefits to the extent that she has sustained permanent physical injury to include arthritis and nerve injury which has significantly impacted Plaintiff's physical mobility in comparison with her male counterparts and male employees who receive treatment for their on-the-job or worker's compensation injures to include the issuance of income benefits and job promotion.

106.   Plaintiff shows that her engagement in protective action by way of complaining about her injuries and continuing to seek worker's compensation medical treatment resulted in Plaintiff being terminated from her position of employment with Defendants.

107.   Plaintiff shows that all Corporate Defendant employed all individually named Defendants and the Nurse Case Managers who supervised Plaintiff's medical treatment.

108.   Plaintiff shows that Defendants are liable to Plaintiff for the delay in her medical treatment and for all physical and financial injuries due to Defendants' failure to provide timely medical treatment, timely income benefits upon Plaintiff being removed from work by her Authorized Treating Physician (ATP) and also for

terminating Plaintiff's employment while she was removed out of work by her Nurse Case Manager and Authorized Treating Physician.

109.   Plaintiff shows that Defendants are liable to Plaintiff for economic and non-economic damages due to is failure to investigate, act, correct and eliminate the sex-based disparate treatment and discriminatory environment incurred by Plaintiff during her employment with Defendants.

110.   Plaintiff seeks recovery of all equitable relief and compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and all remaining applicable federal and state laws. Plaintiff is entitled to such other relief as the Court deems equitable.

## COUNT THREE
## AGE-BASED DISCRIMINATION
## DISPARATE TREATMENT IN VIOLATION OF THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT

111.   Plaintiff is over the age of forty (40) and was had attained the age of fifty (50) on the very date on which Defendants notified Plaintiff of their intent to terminate Plaintiff's employment with Defendants.

112.   Pursuant to 29 U.S.C. § 621, Plaintiff sues Defendants and states that she is a member of the protected class under the Age Discrimination in Employment Act.

113.   Plaintiff shows that through the process during which his employment with Defendants was terminate through the present, Plaintiff has sustained differential treatment in comparison to employees who are believed to be under the age of forty (40) and/or significantly younger than Plaintiff, including but not limited to the promotion of employees who are younger but have extensive disciplinary history and far less seniority and training than Plaintiff and others as to be determined during the course of this litigation.

114.   Plaintiff shows that she has received and incurred disparate treatment due to the delay in medical treatment, the issuance of income benefits to the extent that she has sustained permanent physical injury to include arthritis and nerve injury which has significantly impacted Plaintiff's physical mobility in comparison with her male counterparts and male employees who receive treatment for their on-the-job or worker's compensation injures to include the issuance of income benefits and job promotion in comparison to others who are significantly younger than Plaintiff and/or under the age of forty (40) including but not limited to "Rudy", John "Menthol" (sp.) and "Wild Bill (sp./nickname).

115.   Plaintiff shows that her engagement in protective action by way of complaining about her injuries and continuing to seek worker's compensation medical treatment resulted in Plaintiff being terminated from her position of employment with Defendants.

20

116.   Plaintiff shows that all Corporate Defendant employed all individually named Defendants and the Nurse Case Managers who supervised Plaintiff's medical treatment.

117.   Plaintiff shows that Defendants are liable to Plaintiff for the delay in her medical treatment and for all physical and financial injuries due to Defendants' failure to provide timely medical treatment, timely income benefits upon Plaintiff being removed from work by her Authorized Treating Physician (ATP) and also for terminating Plaintiff's employment while she was removed out of work by her Nurse Case Manager and Authorized Treating Physician.

118.   Plaintiff shows that Defendants are liable to Plaintiff for economic and non-economic damages due to is failure to investigate, act, correct and eliminate the sex-based disparate treatment and discriminatory environment incurred by Plaintiff during her employment with Defendants.

119.   Plaintiff is claiming that Defendants have discriminated against Plaintiff on the basis of her age, in the performance of his employment contract, and in the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship in violation of 29 U.S.C. § 621.

120.   Plaintiff shows that as a result of Defendants' violations of 29 U.S.C. § 621 and 42 U.S.C. § 1983, Plaintiff has suffered economic damages and non-economic damages in an amount to be determined at trial. Plaintiff seeks recovery of all

equitable relief and compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff is entitled to such other relief as the Court deems equitable.

## COUNT FOUR
## VIOLATION OF EQUAL PROTECTION UNDER FEDERAL AND STATE LAW – PURSUANT TO 42 U.S.C. § 1983
## (AGAINST INDIVIDUAL DEFENDANTS AND INDIVIDUAL SUPERVISORS)

121.   Plaintiff shows that 42 U.S.C. § 1983 provides that all individuals are entitled to equal protection of federal law in the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (2020).

122.   Plaintiff shows that he is a protected class under Title VII due to his sex as a female and her race as an African American person for purposes of this case.

123. Plaintiff shows that Defendants **GAY, MOORE** and **McCORMICK** (sp.) all participated in the continuance of the tortious acts, acts of sex-based discrimination, and retaliation and race-based discrimination and retaliation against Plaintiff.

124. Defendants violated Plaintiff's right to equal protection under federal law from being subjected to discriminatory treatment due to Plaintiff's sex and race retaliation under Title VII by engaging in acts of preventing medical treatment, restricting movement and terminating Plaintiff's employment as described within Counts One and Two of this Initial Complaint for Damages.

**B. LIABILITY**

125.   Plaintiff shows that she was subjected to a delay in medical treatment, the issuance of income benefits to the extent that she has sustained permanent physical injury to include arthritis and nerve injury which has significantly impacted Plaintiff's physical mobility in comparison with her male counterparts and male employees who receive treatment for their on-the-job or worker's compensation injures to include the issuance of income benefits and job promotion.

126.  Plaintiff shows that her engagement in protective action by way of complaining about her injuries and continuing to seek worker's compensation medical treatment resulted in Plaintiff being terminated from her position of employment with Defendants.

127.   Plaintiff shows that all Corporate Defendant employed all individually named Defendants and the Nurse Case Managers who supervised Plaintiff's medical treatment.

128.   Plaintiff shows that Defendants are liable to Plaintiff for the delay in her medical treatment and for all physical and financial injuries due to Defendants' failure to provide timely medical treatment, timely income benefits upon Plaintiff being removed from work by her Authorized Treating Physician (ATP) and also for terminating Plaintiff's employment while she was removed out of work by her Nurse Case Manager and Authorized Treating Physician.

129.   Plaintiff shows that Defendants are liable to Plaintiff for economic and non-economic damages due to is failure to investigate, act, correct and eliminate the sex-based disparate treatment and discriminatory environment incurred by Plaintiff during her employment with Defendants.

130.   Plaintiff seeks recovery of all equitable relief and compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and all remaining applicable federal and state laws. Plaintiff is entitled to such other relief as the Court deems equitable.

## COUNT FIVE
## VIOLATION OF EQUAL PROTECTION UNDER FEDERAL AND STATE LAW
### 42 U.S.C. § 1985 and 42 U.S.C. § 1986
### (Against All Defendants)

131. Plaintiff shows that 42 U.S.C. § 1985 (c) provides that an individual or an entity is liable for conspiring to violate one's right to equal protection of federal laws in the following:

### (3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985 (2020)

132. Plaintiff shows that 42 U.S.C. § 1986 also provides for liability if one conspires to violate an individual's right to equal protection of federal laws or is negligent in preventing the violation of one's right to equal protection of federal law in the following:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986 (2020).

133. Plaintiff shows that Defendants were negligent in failing to prevent delay in worker's compensation medical treatment, treatment of all of Plaintiff's injuries and the issuance of income benefits and permitting Plaintiff's employment to be terminated while she was undergoing worker's compensation treatment.

## B. LIABILITY

134. Plaintiff shows that she was subjected to disparate and discriminatory treatment by Defendants after she was injured while working on **AUGUST 20, 2020** which altered the terms and conditions of her employment.

135. Plaintiff shows that Defendants were made aware of Plaintiff's worker's compensable injuries and failed to ensure that she received timely medical treatment, income benefits and the preservation of her employment which has been received by her male and Caucasian counterparts on many occasions.

136. Plaintiff shows that Defendants are liable to Plaintiff for economic and non-economic damages due to is failure to investigate, act, correct and eliminate the sexual harassment and hostile work environment incurred by Plaintiff during his employment with Defendants.

137. Plaintiff seeks recovery of all equitable relief and compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and all remaining applicable federal and state laws. Plaintiff is entitled to such other relief as the Court deems equitable.

## COUNT SIX – STATE LAW NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

138.   On or about **AUGUST 20, 2020,** Plaintiff sustained physical injury throughout her body due to having been crushed between a tractor trailer truck and a lowboy.

139.   Plaintiff reported her injury to Defendant **GAY** and to another supervisor **CLAYTON ("CLAY") JONES.**

140.   Plaintiff sought emergency medical treatment at Candler Hospital on two (2) occasions subsequent to being injured on the job.

141.   Plaintiff also began treating with her primary care physician as Defendants did not furnish any worker's compensation treatment to Plaintiff.

142.   Plaintiff's primary care physician Felicia Carr, M.D. ordered that Plaintiff undergo approximately ten (10) days of bedrest.

143.   Upon providing Dr. Carr's medical orders to her employer, Defendants denied her request for time off pursuant to Dr. Carr's orders and required that Plaintiff began treating with Defendants' panel physicians or worker's compensation providers.

144.   Plaintiff thereafter began treating at **CONCENTRA MEDICAL CENTERS** located in Savannah, Georgia.

145.   The providers at **CONCENTRA MEDICAL CETNERS** documented Plaintiff's injuries to her head, neck, shoulders, back, hip and foot areas.

146.   The providers ordered that Plaintiff was not to engage in any heavy lifting above two (2) pounds and sit and not climb in and out of vehicles.

147.   The providers at **CONCENTRA** referred Plaintiff for orthopedic evaluation and treatment.

148.   Plaintiff also began a regime of physical therapy.

149.   During her treatment Plaintiff was compelled to remain inside of a tractor trailer vehicle and not being permitted to move about to alleviate her pain.

150.   Plaintiff's treatment with an orthopedic physician was also delayed a minimum of four (4) weeks.

151.   Plaintiff began treating with **CHATHAM ORTHPEDICS** in mid-**OCTOBER 2020**.

152.   Plaintiff was referred for an MRI of her Thoracic Spine.

153.   Plaintiff was assigned a Nurse Case Manager who attended medical appointments and made medical recommendations as to Plaintiff's treatment and injuries to Plaintiff and Defendants.

154.   Raphael Roybal, M.D. of **CHATHAM ORTHOPAEDIC ASSOCIATES** issued a Return-to-Work report in which Plaintiff was kept out of work, with no return-to-work date. *See Work Report,* attached hereto as Exhibit "C".

155.   Plaintiff's Nurse Case Manager also confirmed with Plaintiff and her worker's compensation attorney that Plaintiff was to remain out of work pending the

completion of the MRI of her Thoracic Spine. *See Electronic Mail,* attached hereto as Exhibit "D".

156.   Defendants terminated Plaintiff's employment with Defendant, effective **NOVEMBER 19, 2020**. *See Separation Notice,* attached hereto as Exhibit "E".

157.   Defendants terminated Plaintiff's employment with Defendants while she was awaiting medical treatment which is included in Plaintiff's worker's compensation benefits that were being provided by the Defendant.

158.   Subsequent to the termination of Plaintiff's Defendant continued to deny Plaintiff treatment of the remaining parts and/or body systems of Plaintiff that were injured.

159.   Plaintiff shows that as of the date on which this Initial Complaint has been filed, Defendant continues to deny Plaintiff her income benefits and medical treatment of portions of her body for which treatment has yet to be provided.

160.   Prior to being injured while on the job on **AUGUST 20, 2020,** Plaintiff filed a sexual harassment, retaliation and hostile workplace complaint which Defendants to which Defendants requested that Plaintiff place said complaint aside and "get over it".

161.   Plaintiff shows that she was the only woman working for employer at her assigned job location(s)/assignments to the extent that Defendants had to install restroom accommodations for Plaintiff.

162.   Plaintiff was a full-time employee and had completed her probationary period at the date of termination.

163.   Plaintiff reported having been crushed between a tractor trailer truck and a lowboy to her employer.

164.   After reporting having been injured at work, Defendants repeatedly denied and/or delayed Plaintiff's medical treatment.

165.   Plaintiff shows that the delay in medical treatment has not occurred as to her Caucasian counterparts including John "Menthol" (sp.) and "Wild Bill" (sp./nickname).

## B. LIABILITY

166.   Plaintiff shows that she was subjected to a delay in medical treatment, the issuance of income benefits to the extent that she has sustained permanent physical injury to include arthritis and nerve injury which has significantly impacted Plaintiff's physical mobility in comparison with her male counterparts and male employees who receive treatment for their on-the-job or worker's compensation injures to include the issuance of income benefits and job promotion.

167.   Plaintiff shows that her engagement in protective action by way of complaining about her injuries and continuing to seek worker's compensation medical treatment resulted in Plaintiff being terminated from her position of employment with Defendants.

31

168.   Plaintiff shows that all Corporate Defendant employed all individually named Defendants and the Nurse Case Managers who supervised Plaintiff's medical treatment.

169.   Plaintiff shows that Defendants are liable to Plaintiff for the delay in her medical treatment and for all physical and financial injuries due to Defendants' failure to provide timely medical treatment, timely income benefits upon Plaintiff being removed from work by her Authorized Treating Physician (ATP) and also for terminating Plaintiff's employment while she was removed out of work by her Nurse Case Manager and Authorized Treating Physician.

170.   Plaintiff shows that Defendants are liable to Plaintiff for economic and non-economic damages due to is failure to investigate, act, correct and eliminate the sex-based disparate treatment and discriminatory environment incurred by Plaintiff during her employment with Defendants.

171.   Plaintiff seeks recovery of all equitable relief and compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and all remaining applicable federal and state laws. Plaintiff is entitled to such other relief as the Court deems equitable.

## COUNT SEVEN
## NEGLIGENT HIRING TRAINING AND RETENTION
### (AGAINST ALL DEFENDANTS)

172. Plaintiff incorporates the pleadings as stated within Count Six – Negligence as if individually and specifically plead herein.

173. Plaintiff shows that Defendants, particularly the Corporate Defendants and Defendants were negligent and failed to exercise due care to preserve and protect Plaintiff from acts of negligence, sex-based discrimination and retaliation and race-based discrimination and retaliation by delaying Plaintiff's worker's compensation treatment, benefits and terminating Plaintiff's employment after receiving timely notice of Plaintiff's worker's compensable injuries.

**B. LIABILITY**

174. Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

175. Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

176. Plaintiff shows that the actions of Defendants as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive are being sought by Plaintiffs.

177. Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

## COUNT EIGHT – RESPONDEAT SUPERIOR
### (AGAINST CORPORATE DEFENDANTS)

178. Plaintiff incorporates the pleadings as stated within Count Six as if individually and specifically included herein.

179. Plaintiff shows that the Corporate Defendants are specifically liable for all actions as taken by Defendants as said actions occurred during each individual Defendant's employment with the Corporate Defendants.

180. Plaintiff shows that the actions taken by the individual Defendants were taken to preserve the Corporate Defendants' status quo of not providing timely medical treatment, income benefits and not preserving the employment of non-Caucasian employees who are injured on-the-job.

## B. LIABILITY

181. Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

182. Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

183. Plaintiff shows that the actions of Defendants as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive are being sought by Plaintiffs.

184. Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

## COUNT NINE
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

185. Plaintiff incorporates the pleadings as stated in Counts One through Eight as if individually and specifically plead herein.

186. Plaintiff shows that his repeated exposure to acts of sex-based discrimination and retaliation, race-based discrimination and retaliation, and age-based discrimination, intentional and non-intentional tort as described herein constitute intentional acts of willful neglect, actual and constructive fraud, gross negligence and strict liability of Defendants as they failed to remedy, correct, investigate and compensate Plaintiff for the multiple acts of discrimination, retaliation, and intentional and non-intentional tort that were taken by Defendants during Plaintiff's employment with Defendants.

187. Plaintiff shows that the acts of negligence as undertaken by the Defendants in this matter were taken to the neglect of the Plaintiff's mental, emotional and physical well-being.

188. Plaintiff shows that the actions as taken by the Defendants as plead herein constitute extreme, severe and outrageous conduct violates all boundaries of decency.

189. Plaintiff shows that she is seeking all damages permissible under state law for the relief sought under this claim.

## COUNT TEN
## JOINT AND SEVERAL LIABLITY

190. Plaintiff incorporates the pleadings as stated in Counts One through Nine as if individually and specifically plead herein.

191. At all times relevant herein, Defendants owned and controlled Plaintiff's employment with Defendants.

192. As such, Defendants assumed liability for the actions of other Defendants named in this action as the actions described within this Initial Complaint for Damages.

193. As such, Defendants assumed liability for the acts of the other performed in the course and scope of each entity's respective business operations as such pertains to the leased residential property at issue in this action.

194. As a direct and proximate cause of Defendants' combined negligence, Plaintiff has suffered and will continue to suffer due to the actions of Defendants as described within this Initial Complaint for Damages.

195. Defendants are jointly and severally liable for the damages caused by their conduct and actions they have individually and/or jointly undertaken in this matter

196. Plaintiffs' injuries were caused by Defendants' joint and several actions and inactions which constitute negligent, willful, wanton and reckless conduct as described within this Initial Complaint for Damages.

197. Based on all of the foregoing facts all Defendants are liable to Plaintiffs for all compensatory damages recoverable under Georgia law, including but not limited to: past and future medical bills and expenses, past and future physical pain and suffering, past and future fright, shock, terror, anxiety, pain and/or mental or psychological suffering, disfigurement, and loss of full capacity to enjoy life.

## COUNT ELEVEN
## STATE LAW ATTORNEY'S FEES

198. Plaintiff incorporates by reference the pleadings as stated within Counts **ONE**

through **TEN** as if specifically, and individually plead herein.

199.  Plaintiff shows that she is entitled to attorney's fees under pursuant to the

provisions within O.C.G.A. §13-6-11 which provides the following:

> The expenses of litigation generally shall not be allowed as a part of the
> damages; but where the plaintiff has specially pleaded and has made prayer
> therefor and where the defendant has acted in bad faith, has been stubbornly
> litigious, or has caused the plaintiff unnecessary trouble and expense, the jury
> may allow them.

O.C.G.A. §13-6-11 (2020).

200. Plaintiff shows that Defendants have acted in bad faith and have caused Plaintiff

unnecessary trouble by way of failing to investigate, train and prevent the acts of

sex-based discrimination, sexual harassment, intentional and non-intention torts

against Plaintiff by Defendants.

## COUNT TWELVE
## PUNITIVE DAMAGES
### (AGAINST ALL DEFENDANTS)

201. Plaintiff incorporates by reference all pleadings as stated within Counts **ONE** through **ELEVEN** as if individually and specifically plead herein.

202.   O.C.G.A. § 51-12-5.1(b) provides the following:

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

O.C.G.A. § 51-12-5.1(b) (2020).

203. Plaintiff shows that Defendants have acted with willful, wanton conduct, utter lack of care and/or malice as to the allegations that have been plead by Plaintiff within this Initial Complaint for Damages.

204. Plaintiffs show that due to Defendants' actions as plead within this Initial Complaint for Damages, Plaintiffs are entitled to an award of punitive damages in this matter.

## COUNT THIRTEEN
## ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988

205.   Plaintiff shows that 42 U.S.C. 1988(b) provides that Plaintiff may be awarded attorney's fees in the event he prevails in this action.

206.   Plaintiff shows that 42 U.S.C. 1988(c) provides that Plaintiff may be awarded attorney's fees in the event he prevails in this action.

207.   Plaintiff is respectfully requesting that he be awarded reasonable attorney's fees and expert witness fees in the event that he is the prevailing party in this action.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this court orders the following:

A. Grants a permanent injunction enjoining Defendant, officers, successors, assigns and all person in active concern or participation with it from engaging in any employment practice which discriminates on the basis of race, color, ethnicity, age or disability as described herein.

B. Awards Plaintiff judgment against Defendant for compensatory damages as determined by a trier of fact;

C. Orders Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay, with prejudgment interest and other renumeration for mental pain, anguish, pain and humiliation for the claims that Plaintiff has asserted in this matter;

D. Awards Plaintiff all damages that are available to Plaintiff under all appliable

state and federal law.


Respectfully submitted this the **13TH** day of MAY, 2021.

**MONICA R. WILLIAMS**
**119 Miller Park Circle**
**Port Wentworth, Georgia 31407**